RANSBURG ELECTRO-COATING CORP., Plaintiff,

v.

HAMILTON MANUFACTURING COMPANY, Defendant.

Civ. A. 6019.

United States District Court
E. D. Wisconsin.

Feb. 14, 1958.

Byron, Hume, Groen & Clement, Schroeder, Hofgren, Brady & Wegner, Chicago, Ill., Quarles, Herriott & Clemons, Milwaukee, Wis., for plaintiff.

Davis, Lindsey, Hibben & Noyes, Chicago, Ill., Clark, Rankin, Nash, Emmerling & Spindler, Manitowoc, Wis., for defendant.

GRUBB, District Judge.

This matter is before the court on plaintiff's motion to dismiss without prejudice under Rule 41(a) (2), 28 U.S. C.A., with certain conditions. Defendant opposes the motion unless attorneys' fees are assessed as one of the conditions.

The action is brought for infringement on two United States Letters of Patent owned by plaintiff and identified as patents No. 2,425,652, W. A. Starkey, issued August 12, 1947, and No. 2,632,716, W. A. Starkey, issued March 24, 1953. These patents cover methods and apparatus employed in electrostatic coating or painting systems. The parties are agreed that no claim for attorneys' fees is based upon the patent laws. Defendant particularly urges that considerable work has been done since the pre-trial conference of April 9, 1957 and considerable expense, as well as attorneys' fees, incurred in the defense.

The conditions which plaintiff agrees to would put defendant in substantially the same situation that it would be in if this case were tried and the defendant prevailed. Defendant is urging that considerable legal work has been done on the defense of misuse of patents and Anti-Trust Law violation. Defendant's counsel are distinguished and able patent lawyers who, no doubt, are thoroughly familiar with such defenses. In any event the court can see no reason why defendant should be put in any better position than it would be if the case were tried at great expense to both parties. The court believes the defendant will be amply protected if plaintiff gives to the defendant an undertaking that it will not at any time in the future during the life of the two patents in suit assert these patents against the defendant in this or any other court with respect to any electrostatic spray painting system or equipment therefor now, previously or hereafter used by defendant, and if defendant recover taxable costs and disbursements.

Defendant has submitted a bill of costs and disbursements totalling $1,813.68. Plaintiff may have an order granting its motion to dismiss without prejudice upon compliance with the two conditions, namely, the giving of the undertaking, broad enough to protect defendant as set forth above, and payment by the plaintiff to defendant of the sum of $1,813.68.